THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE ROSS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 2:17-CV-00312-JLR<br><br>Complaint Filed: February 28, 2017<br><br>STIPULATED MOTION TO MODIFY SCHEDULING ORDER; [PROPOSED] ORDER THEREON<br><br>NOTE ON MOTION CALENDAR: JUNE 8, 2017 |

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 1

**McKENNON LAW GROUP PC**
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165



1 TO THE HONORABLE JAMES L. ROBART AND HIS COURT CLERK:

2     Pursuant to Local Civil Rule 10(g), Plaintiff Stephanie Ross ("Ross") and Defendant The Prudential Insurance Company of America ("Prudential") (collectively "the Parties"), for good cause, hereby stipulate and jointly move this Court to modify the Minute Order Setting Trial Dates and Related Dates, Docket No. 18 ("Scheduling Order"), as specifically set forth below in Section 2.

## 1. <u>GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER</u>

    There is good cause to modify the Scheduling Order in this ERISA action, where Ross alleges she is entitled to recover unpaid disability benefits from Prudential, to reflect a more traditional ERISA litigation plan. Since this is an ERISA action, it will be tried to the Court on Prudential's administrative record and trial briefing citing to that record, with no witnesses, trial exhibits or expert testimony. The bench "trial" in an ERISA action is similar to a hearing on a summary judgment motion, though under Rule 52 instead of 56 of the Federal Rules of Civil Procedure. The Parties will argue through their trial briefs, and any oral argument the Court permits, how the administrative record supports their respective positions. Therefore, many of the pretrial requirements set forth in the current Scheduling Order, and the Local Civil Rules incorporated into the Scheduling Order, are unnecessary and a waste of judicial and Party resources. The current Scheduling Order sets forth requirements for a typical jury trial case or bench trial that will include live witness testimony, experts and trial exhibits, none of which will be the case for this ERISA action.

    The Parties unequivocally agree that the Scheduling Order needs to be modified to reflect a more typical scheduling order in an ERISA case. They filed a Rule 26(f) Joint Status Report and Discovery Plan agreeing that this case should be tried to the Court insofar as ERISA does not provide a right to jury trial. *See* Docket

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 2

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165

No. 17 at page 4:18. The Parties requested in their Joint Status Report that the Court waive the pretrial requirements of Federal Rule of Civil Procedure 16(e), 26(a)(2), 26(a)(3) and the related Local Civil Rules (e.g., pretrial conference, pretrial order, expert disclosures, the submission of witness lists, exhibit lists, etc.) and sought the Court's permission to conduct trial on opening and responsive trial briefs, based upon the information contained in the administrative record and any other evidence the Court decides to admit in its discretion. *Id.* at page 4. Specifically, the Parties agreed in their Joint Status Report that good cause exists for waiver of these pretrial requirements in this ERISA-governed actions as follows:

> **8. Pretrial Statements:** The parties agree that the pretrial statements, pretrial conference and pretrial order called for by Local Civil Rules 16(e), (h), (i), (j), (k) and (l) and 16.1 should be dispensed with. Because this is an ERISA case, and will be tried to the Court, the parties request that the Court waive these pretrial requirements and those of Federal Rule of Civil Procedure 16(e) (pretrial conference), 26(a)(2) (expert disclosures) and 26(a)(3) (pre-trial disclosures of witnesses/ exhibits). The parties further seek the Court's permission to conduct trial on cross-briefing, based upon the information contained in the administrative record and any other evidence the Court decides to admit in its discretion. Good cause exists for waiver of the pre-trial requirements as follows:
>
> a. Because of the unique nature of ERISA trials, which in many respects resemble a hearing on a motion for summary judgment, the parties believe that the pretrial conference and its associated pleadings would represent an unnecessary use of judicial and litigant resources.



STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 3

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165

b. ERISA trials are bench trials conducted under Rule 52 of the Federal Rules of Civil Procedure. The parties do not presently anticipate calling live witnesses or experts, which is the norm for an ERISA trial. Additionally, the parties believe that the filings normally required pursuant to Federal Rule of Civil Procedure 16(e), 26(a)(3) and Local Civil Rules 16(e), (h), (i), (j), (k) and (l) and 16.1 (e.g., witness lists, exhibit lists, pretrial statements etc.) are unnecessary because of the limited scope of the trial. The parties anticipate that the evidence that shall be presented at any trial will consist primarily of the administrative record/claim file and damages evidence, subject to any additional evidence the Court decides to admit in its discretion pursuant to a motion to augment the administrative record.

c. The customary pretrial filings are superfluous because the Court "trial" will consist of briefing on the administrative record submitted in advance of trial, as well as any oral argument that may be permitted by the Court.

*Id.* at page 4:16-5:13.

Possibly assuming this action was a jury trial or more typical bench trial with live witnesses, exhibits and expert testimony, rather than an ERISA "trial" which is similar to a summary judgment hearing, the Clerk issued a Scheduling Order, Docket No. 18, setting traditional jury trial requirements. For example, the Scheduling Order set a pretrial conference for July 16, 2018, requires counsel to meet and confer and submit a proposed pretrial order, requires compliance with Local Civil Rule 16 pretrial submissions, and provides for expert disclosures and motions in limine, each of which the Parties agree are unnecessary in this ERISA-governed action. Therefore, good cause exists to modify the Scheduling Order.

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 4

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165

**2. REQUESTED MODIFICATIONS TO THE SCHEDULING ORDER**

Based upon the above, the Parties, by and through their counsel of record whose signatures appear below, hereby stipulate and jointly move the Court for an Order modifying the Scheduling Order to eliminate the pretrial conference, pretrial order and other related pretrial requirements and instead set a briefing schedule for the Parties to file their respective opening and responding trial briefs in accordance with standard procedure in ERISA cases, as follows:

1. Deadline for the Parties to file their respective opening trial briefs, June 25, 2018 (5 weeks before the July 30, 2018 ERISA bench trial);
2. Deadline for the Parties to file their respective responding trial briefs, July 16, 2018 (2 weeks before the trial);
3. Strike from the Scheduling Order the requirement to file trial briefs on July 23, 2018, found at page 2, line 5, in light of the above alternative briefing schedule;
4. Deadline for Prudential to file the administrative record with the Court, April 1, 2018 (as agreed in the Joint Status Report, Document No. 17, at page 5, lines 18-19);
5. Strike from the Scheduling Order the requirement to disclose expert testimony under FRCP 26(a)(2), and the related deadline, found at page 1, lines 18-19 of the Scheduling Order, Document No. 18;
6. Strike from the Scheduling Order the requirement to file motions in limine, and the related deadline, found at page 1, lines 25-26 and page 2, lines 7-9;
7. Strike from the Scheduling Order the requirements for a pretrial order and deposition designations, and the related deadlines, found at page 2, lines 1-3, page 2, lines 20-21 and page 2, lines 6-7;

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 5

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165



8. Vacate the July 16, 2018 pretrial conference and strike from the Scheduling Order the requirement for such conference, including page 2, line 4 of the Scheduling Order;

9. Strike from the Scheduling Order the sentence, "All other dates are specified in the Local Civil Rules," found at page 2, lines 10-11, to the extent this phrase was intended to refer to compliance with Local Civil Rules 16(e), (h), (i), (j), (k) and (l) and 16.1 governing pretrial requirements, which, as explained above, are unnecessary in this ERISA action;

10. Strike from the Scheduling Order the exhibit requirements, including all text found at page 2, line 22 through page 3, line 2, as this is an ERISA action that will tried on the administrative record and not on trial exhibits, which administrative record will be filed with the Court no later than April 1, 2018;

11. The Scheduling Order shall remain the same in all other respects.

Respectfully submitted and requested this 8th day of June, 2017.

Dated: June 8, 2017                                McKENNON LAW GROUP PC

By: */s/ Joseph S. McMillen*

Robert J. McKennon, *Pro Hac Vice*
Joseph S. McMillen, *Pro Hac Vice*
rm@mckennonlawgroup.com
jm@mckennonlawgroup.com

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 6

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165

| | |
|---|---|
| Dated: June 8, 2017 | LEPLEY LAW FIRM |
| | By: */s/ Patrick H. LePley* |
| | Patrick H. LePley, WSBA No. 7071 |
| | *phl@lepleylawfirm.com* |
| | |
| | Attorneys for Plaintiff Stephanie Ross |
| | |
| Dated: June 8, 2017 | LANE POWELL PC |
| | |
| | By: */s/ David W. Howenstine* |
| | D. Michael Reilly, WSBA No. 14674 |
| | *reillym@lanepowell.com* |
| | David W. Howenstine, WSBA No. 41216 |
| | *howenstined@lanepowell.com* |
| | |
| Dated: June 8, 2017 | SEYFARTH SHAW LLP |
| | |
| | By: */s/ Christopher M. Busey* |
| | Amanda A. Sonneborn, *Pro Hac Vice* |
| | *asonneborn@seyfarth.com* |
| | Christopher M. Busey, *Pro Hac Vice* |
| | *cbusey@seyfarth.com* |
| | |
| | Attorneys for Defendant The Prudential Insurance Company of America |

**IT IS SO ORDERED.**

Dated this 12 day of June, 2017

_____
HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 7

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165



# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 8th day of June, 2017, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Patrick H. LePley
LePley Law Firm
12600 SE 38th Street, Suite 201
Bellevue, WA 98006-5232
*phl@lepleylawfirm.com*

Joseph S. McMillen
Robert John McKennon
McKennon Law Group PC
20321 SW Birch Street, Suite 200
Newport Beach, CA 92660
jm@mckennonlawgroup.com
*rm@mckennonlawgroup.com*

David W. Howenstine
D. Michael Reilly
Lane Powell PC
1420 Fifth Ave., Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
*reillym@lanepowell.com*
howenstined@lanepowell.com

Amanda A. Sonneborn, *Pro Hac Vice*
*asonneborn@seyfarth.com*
Christopher M. Busey, *Pro Hac Vice*
*cbusey@seyfarth.com*

Executed on the 8th day of June 2017, at Newport Beach, California.

_____
Debi Cartee



STIPULATED MTN. MODIFY SCHED. ORDER
(Case No. 2:17-cv-00312-JLR) - 8

McKENNON LAW GROUP PC
20321 SW Birch St., Suite 200
Newport Beach, CA 92660
949-387-9595 Fax: 949-385-5165

